ADAM P. DANIELS (SBN 296466)
adaniels@polsinelli.com
KEVIN R. DAVIS (SBN 323270)
krdavis@polsinelli.com
POLSINELLI LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
T:  310-556-1801
F:  310-556-1802

JOSHUA L. RAYES (SBN 316208)
jrayes@polsinelli.com
POLSINELLI LLP
1661 Page Mill Road, Suite A
Palo Alto, CA 94304
T:  650-461-7700
F:  650-461-7701

Attorneys for Plaintiff
CHOWNOW, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHOWNOW, INC., a Delaware corporation, Plaintiff, v. OWNER.COM, INC., a Delaware corporation Defendants. | Case No. **COMPLAINT FOR:** |

1. **FALSE ADVERTISING (15 U.S.C. § 1125(A));**
2. **TRADEMARK INFRINGEMENT (15 U.S.C. § 1114);**
3. **UNFAIR COMPETITION (CAL. BUS. & PROF. CODE § 17200 *ET SEQ.*);**
4. **FALSE ADVERTISING (CAL. BUS. & PROF. CODE § 17500 *ET SEQ.*);**
5. **TRADE LIBEL;**
6. **INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS; AND**
7. **INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE**

**DEMAND FOR JURY TRIAL**

Plaintiff ChowNow, Inc. ("ChowNow" or "Plaintiff"), by and through counsel, files this Complaint against Defendant Owner.com, Inc. ("Owner.com" or "Defendant").

## NATURE OF ACTION

1.      ChowNow brings this action against Owner.com to address and stop repeated unlawful, unfair, and deceptive business and commercial advertising practices. ChowNow and Owner.com operate in the same commercial space, offering online and digital ordering services for restaurant take-out and delivery. Owner.com's conduct has caused lost sales and revenue, lost economic prospects, harm to ChowNow's registered intellectual property, and reputational harm to ChowNow.

## PARTIES

2.      ChowNow is a Delaware corporation having a place of business at 12181 Bluff Creek Drive, Playa Vista, CA 90094.

3.      Upon information and belief, Owner.com is a Delaware corporation with a principal place of business at 535 Everett Ave, #615, Palo Alto, CA 94301.

4.      Upon information and belief, Owner.com also has a corporate headquarters address at 530 Lytton Avenue, 2nd Floor, Palo Alto, CA 94301.

## JURISDICTION AND VENUE

5.      This is an action for false advertising and trademark infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114, and for False Advertising in violation of Cal. Bus. & Prof. Code § 17500 et seq., Unfair Competition in violation of Cal. Bus. & Prof. Code § 17200 et seq., Trade Libel, Intentional Interference with Contractual Relations, and Intentional Interference with Prospective Economic Advantage.

6.      The Court has subject matter jurisdiction over this matter pursuant to 15 U.S.C. § 1051 *et. seq.* and 28 U.S.C. §§ 1338(a), 1338(b). This Court also has supplemental jurisdiction over the claims in this Complaint under the statutory and common law of the State of California pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy.

COMPLAINT

7.      This Court has personal jurisdiction over Owner.com because (1) Defendant is a resident of and has its principal place of business within California and this judicial district; (2) Defendant conducts business within California and this judicial district; (3) the causes of action asserted in this Complaint arise from Defendant's contacts with California and this judicial district; and (4) Defendant has caused harm to Plaintiff in California.

8.      Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391 because Defendant resides in and maintains its principal place of business in this District, and Defendant is subject to personal jurisdiction in this District.

## FACTUAL BACKGROUND & GENERAL ALLEGATIONS

### A.      ChowNow's Business and the CHOWNOW® Mark

9.      ChowNow is an innovative industry leader in software technology providing a proprietary comprehensive digital platform for restaurants to attract, engage, and retain customers. ChowNow serves over 22,000 restaurant partners, providing various products and service which include but are not limited to online ordering software, customized restaurant websites, automated email marketing, branded mobile applications, and profitable delivery services, all designed to help restaurants thrive.

10.     ChowNow recognizes the importance of protecting its intellectual property and branding, and owns a trademark for CHOWNOW®, under United States Trademark Registration No. 4,050,264. **Exhibit 1**. The CHOWNOW® mark is also incontestable pursuant to 15 U.S.C. §§ 1065 and 1115.

11.     ChowNow provides its digital platform, which bears the CHOWNOW® mark, through various channels, including for example, its online website[1], mobile applications, and a restaurant-centric webpage. *See* **Exhibit 2 (**Screenshots of ChowNow's restaurant-centric webpage).[2]

---

[1] accessible at chownow.com

[2] Accessible at https://get.chownow.com/?utm_medium=desktop_nav&utm_source=marketplace_web. All exhibits

COMPLAINT

12.    ChowNow provides its platform to both its restaurant partners and consumers who are searching for restaurant takeout or delivery services. Specifically, ChowNow provides various innovative software solutions to its restaurant partners, including but not limited to Squarespace-powered websites, website ordering, customizable options to support the restaurant partner's branding including branded mobile applications and websites, automated email marketing and print marketing, loyalty or rewards programs, search engine optimization (SEO) tips and techniques, Point-of-Sale (POS) integrations, analytics, order aggregation, and promotes the restaurant partner's branding and websites. ChowNow also provides a general consumer-facing webpage and mobile application for general consumers who are searching for restaurants with takeout or delivery services, thereby pairing these consumers with ChowNow's restaurant partners. ChowNow's platform also provides commission-free services for restaurants through a subscription-based payment model, and has successfully processed millions of orders and has saved upwards of $650 million dollars saved for its restaurant partners in avoided commission fees.

13.    ChowNow has spent, and continues to spend, substantial sums of money to market, advertise, and promote its innovative software platform bearing its CHOWNOW® mark to restaurants, and has experiences significant success, partnering with over 22,000 restaurant partners across the United States. As a result, ChowNow has develop significant goodwill and a positive reputation in this online commercial space for offering online and digital ordering services for restaurant takeout and delivery, and the CHOWNOW® name has come to be known by the industry and public as a source indicator pointing to high-quality, innovative digital ordering services for restaurant takeout and delivery. Thus, the CHOWNOW® mark, as well as the goodwill and reputation associated therewith, are of great importance and value to ChowNow.

14.    The registration of the CHOWNOW® mark further constitutes prima facie evidence of its validity and conclusive evidence of ChowNow's exclusive right to use the CHOWNOW® mark in commerce in connection with the services identified in the corresponding registration, as well as commercially related services, and prevent the

COMPLAINT

unconsented use of the CHOWNOW® mark to deceive. *See* **Exhibit 1**. ChowNow's federal registration also constitutes constructive notice to Owner.com of ChowNow's ownership and exclusive rights in the CHOWNOW® mark.

15.    ChowNow's CHOWNOW® mark is strong and distinctive, is incontestable, and is well known in the industry, such that both customers and restaurants alike associate the mark with ChowNow's brand and more specifically, ChowNow.

**B.    Owner.com's Pattern of Behavior**

16.    On at least two prior occasions, ChowNow sent letters to Owner.com demanding Owner.com to cease and desist from making false and misleading statements about ChowNow.

17.    First, on January 23, 2023, ChowNow sent a cease and desist letter to Owner.com to address Owner.com's "unsubstantiated claims regarding ChowNow's business." *See* **Exhibit 3** ("January 2023 letter").

18.    Next, on December 22, 2023, ChowNow sent another cease and desist letter to Owner.com to address Owner.com's continued false and misleading statements about ChowNow. *See* **Exhibit 4** ("December 2023 letter").

19.    In both letters, ChowNow demanded Owner.com cease and desist from making false statements about ChowNow. Despite these letters, Owner.com has continued its pattern of deceptive and misleading behavior. Accordingly, ChowNow is now forced to bring this lawsuit to seek relief that includes at least a permanent injunction against Owner.com.

20.    ChowNow is not the only competitor that has suffered from Owner.com's deceptive and misleading business practices.

21.    For example, Popmenu, Inc. recently filed a Complaint against Owner.com in the Superior Court of California, County of Santa Clara. *See* **Exhibit 5**. The Popmenu Complaint provides detailed allegations regarding substantially similar or identical deceptive and misleading business practices that are alleged herein. *See id.*

22.    Thus, upon information and belief, Owner.com's illegal and deceptive conduct extends beyond ChowNow to numerous competitors in the restaurant digital solutions space.

23.    Upon information and belief, Owner.com's customers include customers who

-4-

switched from ChowNow to Owner.com, and Owner.com has profited and is profiting from these customers.

24.    Based on ChowNow's investigation, Owner.com can identify the software platform used by a given restaurant, such as the ChowNow platform.

**C.    Owner.com's Unlawful, Deceptive and Unfair Business Practices**

25.    As discussed above, Owner.com has engaged in a pattern of unfair, misleading and deceptive business practices which have continued after repeated demands from ChowNow to cease and desist.

26.    Owner.com is a direct competitor of ChowNow and offers digital solutions for restaurants.

27.    Owner.com operates a website at owner.com (the "Website"). *See* **Exhibit 6** (screenshots from the Website, accessed on June 28, 2025). Upon information and belief, Owner.com directs and controls the content that is provided on the Website and its related webpages.

28.    Owner.com's Website includes various links to related webpages owned and operated by Owner.com, including at least a ChowNow comparison page at owner.com/comparison/chownow-vs-owner ("ChowNow Comparison Page"), and a "case studies" page at owner.com/case-studies. *See* **Exhibits 7, 8**.

29.    Owner.com's home page on its Website provides a link to a website grader tool called "RestaurantGPT" at Grader.owner.com ("RestaurantGPT Tool"). Upon information and belief, Owner.com owns and controls the RestaurantGPT Tool.

30.    Both the Website and RestaurantGPT Tool include various misleading, deceptive, unsubstantiated and demonstrably false claims regarding ChowNow's business, products and services. Moreover, Owner.com is making similar deceptive and misleading claims and statements in other forms of commercial advertising, including but not limited to paid Google Ads, paid advertising and content creation on YouTube, blog posts, print advertising, or any other form of advertising or content creation that compares, mentions or discusses ChowNow.

31.    Owner.com uses ChowNow's registered CHOWNOW® mark across multiple

COMPLAINT

marketing channels, including but not limited to their Website, paid advertisements (e.g., on Google), video content or other content creation. Owner.com uses ChowNow's registered CHOWNOW® mark in comparative advertising.

32.    Owner.com engages in deceptive and misleading business practices in a deliberate and wanton manner for the purpose of deceiving customers about ChowNow's business, products, features and services. These deliberate business practices include but are not limited to false comparisons, misleading comparative statements, false testimonials, misrepresented product capabilities, and unsubstantiated and biased scoring from a black-box AI tool.

33.    Owner.com's pattern of misleading and deceptive business practices demonstrate a deliberate strategy to confuse and mislead both prospective and actual ChowNow customers and gain an unfair competitive advantage through deception. These deceitful and misleading business practices have directly resulted in ChowNow losing actual customers, sales and revenue at least between 2024 and 2025. This includes monetary losses of at least hundreds of thousands of dollars that would not have occurred but for Owner.com's deceitful and misleading business practices. Moreover, the damage of lost prospective customers—restaurants that ChowNow would have partnered with but for Owner.com's deceitful and misleading business practices—is immeasurable and irreparable. Upon information and belief, Owner.com's business practices are intentionally and willfully deceitful.

1.    **Owner.com's Website, ChowNow Comparison Page, and Case Studies**

34.    Owner.com's Website provides false, misleading and unsubstantiated claims regarding ChowNow's platform and services under the guise of comparative advertising. *See* **Exhibit 6**.

35.    Owner.com's Website provides comparative marketing. For example, Owner.com's Website provides specific links to "Compare" Owner.com to various competitors, including ChowNow, BentoBox, Clover, Grubhub, Menufy, SpotHopper, and Toast.

1
2
3
4
5
6
7
8
9
10
11
12



13    *See* **Exhibit 6** (annotated).

14    36.    Selecting the "ChowNow" link leads to a ChowNow Comparison Page. *See*

15    **Exhibit 7**.

16    37.    Another way of accessing the ChowNow Comparison Page, as shown below, is

17    through one of Owner.com's sponsored advertisement link on Google.com titled "Better than

18    ChowNow." *See* **Exhibit 9**.

19
20
21
22
23



24    38.    Owner.com's "Better Than ChowNow" statement makes an improper and

25    unsubstantiated comparison between Owner.com and ChowNow, and uses the CHOWNOW®

26    mark without ChowNow's authorization.

27    39.    After selecting either the "ChowNow" link or the Google sponsored

28    advertisement link routes the user to the ChowNow Comparison Page. *See* **Exhibit 7**.

40.     The ChowNow Comparison Page provides numerous false, misleading, and deceptive statements and claims regarding ChowNow. These statements are material because customers, such as restaurant owners, would reasonably rely on the representations in these statements when deciding which digital platform service to purchase.

**a.      Owner.com's ChowNow Comparison Page**

**i.      Owner.com's Capterra Scores on the ChowNow Comparison Page are misleading, deceptive, and demonstrably false.**

41.     The ChowNow Comparison Page provides a direct comparison between Owner.com and ChowNow's "Capterra Scores." *See* **Exhibit 7.**



*See* **Exhibit 7** (annotated).

42.     Capterra Inc. is a third-party company that operates the website capterra.com. According to capterra.com, a "Capterra Score" purports represent user ratings and popularity data for a given product " independent of any relationship that Capterra has with vendors."[3]

43.     The ChowNow Comparison Page represents the Capterra Score for Owner.com "4.9" and ChowNow is "4.0." The ChowNow Comparison Page also represents the ratings are current "as of 2025." *See* **Exhibit 7**.

44.     However, Owner.com's representations regarding the Capterra Score for both

---

[3] https://www.capterra.com/resources/proprietary-data-research/ (last accessed Jul. 3, 2025).

Owner.com and ChowNow are demonstrably false.

45.     As of June 2025, ChowNow has a Capterra Score of 4.6. *See* **Exhibit 10**.



*See* **Exhibit 10** (annotated) (ChowNow's Capterra Score of 4.6 as of June 2025 from https://www.capterra.com/p/229841/ChowNow/).

46.     As of June 2025, Owner.com also has a Capterra Score of 4.6. *See* **Exhibit 11**.



*See* **Exhibit 11** (annotated) (Owner.com's Capterra Score of 4.6 as of June 2025 from https://www.capterra.com/p/10002488/Owner/).

47.     Advertising ChowNow's Capterra Score as 4.0 when it is actually 4.6 is false and deceptive. Advertising Owner.com's Capterra Score as 4.9 when it is actually 4.6 is also false and deceptive. Making a direct comparison between ChowNow's Capterra Score and Owner.com's Capterra Score using false numbers is deceptive and misleading. Representing false Capterra Scores as being "current as of 2025" is also deceptive, misleading, and false.

48.     Owner.com's false and misleading statements are directly harming ChowNow's business relations and reputation by deceiving current and prospective customers regarding (1)

-9-

COMPLAINT

ChowNow and Owner.com's respective Capterra Scores and (2) customer reviews for respective products from ChowNow and Owner.com. Capterra scores are material to the decision making process for current and prospective customers.

49.    The ChowNow Comparison Page provides additional direct comparisons between ChowNow and Owner.com's Capterra Scores for individual features, namely, "Ease of Use," "Value for Money," "Available Features," and "Customer Service." *See* **Exhibit 12**.

50.    Each of the additional direct comparisons for these individual features is demonstrably false.

51.    First, a comparison of the "Ease of Use" feature demonstrates that Owner.com is inflating Owner.com's score while deflating ChowNow's score.

COMPLAINT



*Compare* **Exhibit 7** (illustrating the "Ease of Use" from the ChowNow Comparison Page), *with* **Exhibit 12** (illustrating the "Ease of Use" Scores from Capterra for ChowNow and Owner.com).

52.    ChowNow's Capterra Score for "Ease of Use" is advertised as 4.7 on the Owner.com ChowNow Comparison Page, but in reality is 4.9 on the Capterra website. *Compare*, **Exhibit 7**, *with* **Exhibit 12.**

53.    Owner.com's Capterra Score for "Ease of Use" is advertised as 4.9 on the Owner.com ChowNow Comparison Page, but in reality is 4.6 on the Capterra website. *Compare*,

COMPLAINT

**Exhibit 7**, *with* **Exhibit 12.**

54.    Advertising ChowNow's "Ease of Use" Capterra Score as 4.7 when it is actually 4.9 is false and deceptive. Similarly, advertising Owner.com's Capterra Score as 4.9 when it is actually 4.6 is false and deceptive. Moreover, advertising ChowNow's "Ease of Use" as being scored less than Owner.com's "Ease of Use" score when in reality, ChowNow's "Ease of Use" score is higher than Owner.com's "Ease of Use" score is also false and deceptive.

55.    These false and misleading statements are directly harming ChowNow's business relations and reputation by deceiving current and prospective customers regarding ChowNow and Owner.com's respective "Ease of Use" scores and how customers of ChowNow and Owner.com are actually reviewing their products "Ease of Use."

56.    Second, a comparison of the "Value for Money" demonstrates that Owner.com is inflating Owner.com's score while deflating ChowNow's score.

COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20



*Compare* **Exhibit 7** (illustrating the "Value for Money" from the ChowNow Comparison Page) *with* **Exhibit 12** (illustrating the "Value for Money" Scores from Capterra for ChowNow and Owner.com).

21
22
23

24    57.    ChowNow's Capterra Score for " Value for Money" is advertised as 4.3 on the

25    Owner.com ChowNow Comparison Page, but in reality is 4.6 on the Capterra website. *Compare*,

26    **Exhibit 7**, *with* **Exhibit 12.**

27    58.    Owner.com's Capterra Score for " Value for Money" is advertised as 4.8 on the

28    Owner.com ChowNow Comparison Page, but in reality is 4.4 on the Capterra website. *Compare*,

**Exhibit 7**, *with* **Exhibit 12.**

59.    Advertising ChowNow's "Value for Money" Capterra Score as 4.3 when it is actually 4.7 is false and deceptive. Similarly, advertising Owner.com's Capterra Score as 4.8 when it is actually 4.4 is false and deceptive. Moreover, advertising ChowNow's "Value for Money" as being scored less than Owner.com's "Value for Money" score when in reality, ChowNow's "Value for Money" score is higher than Owner.com's "Value for Money" score is also false and deceptive.

60.    These false and misleading statements are directly harming ChowNow's business relations and reputation by deceiving current and prospective customers regarding ChowNow and Owner.com's respective "Value for Money" scores and how customers of ChowNow and Owner.com are actually reviewing their products "Value for Money."

61.    Third, a comparison of the "Available Features" feature demonstrates that Owner.com is inflating Owner.com's score while deflating ChowNow's score.



Compare **Exhibit 7** (illustrating the "Available Features" from the ChowNow Comparison Page) *with* **Exhibit 12** (illustrating the "Available Features" Scores from Capterra for ChowNow and Owner.com).

62.    ChowNow's Capterra Score for "Available Features" is advertised as 3.7 on the Owner.com ChowNow Comparison Page, but in reality is 4.1 on the Capterra website. *Compare*, **Exhibit 7**, *with* **Exhibit 12.**

63.    Owner.com's Capterra Score for "Available Features" is advertised as 4.8 on the Owner.com ChowNow Comparison Page, but in reality is 4.5 on the Capterra website. *Compare*,

COMPLAINT

**Exhibit 7**, *with* **Exhibit 12.**

64.     Advertising ChowNow's "Available Features" Capterra Score as 3.7 when it is actually 4.1 is blatantly false and deceptive. Similarly, advertising Owner.com's Capterra Score as 4.8 when it is actually 4.5 is false and deceptive. *Compare*, **Exhibit 7**, *with* **Exhibit 12.**

65.     These false and misleading statements are directly harming ChowNow's business relations and reputation by deceiving current and prospective customers regarding ChowNow and Owner.com's respective "Available Features" scores and how customers of ChowNow and Owner.com are actually reviewing their products "Available Features."

66.     Fourth, a comparison of the "Customer Service" feature demonstrates that Owner.com is inflating Owner.com's score while deflating ChowNow's score.

COMPLAINT



*Compare* **Exhibit 7** (illustrating the "Customer Service" from the ChowNow Comparison Page) *with* **Exhibit 12** (illustrating the "Customer Service" Scores from Capterra for ChowNow and Owner.com).

67.    ChowNow's Capterra Score for "Customer Service" is advertised as 3.5 on the Owner.com ChowNow Comparison Page, but in reality is 4.3 on the Capterra website. *Compare*, **Exhibit 7**, *with* **Exhibit 12.**

68.    Owner.com's Capterra Score for "Customer Service" is advertised as 4.9 on the Owner.com ChowNow Comparison Page, but in reality is 4.6 on the Capterra website. *Compare*,

COMPLAINT

1  **Exhibit 7**, *with* **Exhibit 12.**

2      69.    Advertising ChowNow's "Customer Service" Capterra Score as 3.5 when it is

3  actually 4.3 is false and deceptive. Similarly, advertising Owner.com's Capterra Score as 4.9

4  when it is actually 4.6 is false and deceptive.

5      70.    These false and misleading statements are directly harming ChowNow's business

6  relations and reputation by deceiving current and prospective customers regarding ChowNow

7  and Owner.com's respective "Customer Service" scores and how customers of ChowNow and

8  Owner.com are actually reviewing their products "Customer Service."

9          ii.    **Owner.com's Prior G2 Scores on the ChowNow Comparison**

10                **Page**

11      71.    For competitors other than ChowNow, Owner.com uses "G2 Scores" for purposes

12  of comparative advertising instead of the "Capterra Score."

13      72.    Upon information and belief, the "G2 Score" is another score by a third-party

14  company G2.com, Inc. G2.com, Inc. operates a website (https://www.g2.com). According to

15  G2.com, "G2 uses a proprietary algorithm to rank products based on reviews gathered from the

16  user community as well as data aggregated from online sources and social networks. The result

17  of this algorithm is the G2 Score, which is a standardized score used to compare products within

18  the same G2 category."[4]

19      73.    On April 11, 2025, ChowNow noticed the ChowNow Comparison Page

20  represented ChowNow's G2 Score was 4.0.

21      74.    On April 11, 2025, ChowNow informed G2 that Owner.com misrepresented

22  ChowNow's G2 Score by claiming Owner.com's G2 score as 4.9 and ChowNow's G2 score as

23  4.0. ChowNow further informed G2 that as of April 11, 2025, ChowNow's overall rating is 4.6,

24  and Owner.com's G2 rating is 4.8.

25      75.    Indeed, as of at least June 29, 2025, ChowNow's actual G2 Score was 4.6. *See*

26  **Exhibit 13**.

27

28  [4] https://documentation.g2.com/docs/research-scoring-methodologies (accessed Jul. 3, 2025).

                                                    COMPLAINT

*See* **Exhibit 13** (G2 score from https://www.g2.com/products/chownow-for-restaurants/reviews in June 2025) (annotated).

76.     On April 14, 2025, ChowNow received a response from G2 confirming that republishing another seller's Star Ratings was not permitted by G2's Content User Guidelines, and that G2 would remind Owner.com of the Content User Guidelines.

77.     Upon information and belief, G2 contacted Owner.com and instructed Owner.com to remove the G2 Scores from the ChowNow Comparison Page.

78.     After ChowNow informed G2 about Owner.com's misrepresentation, Owner.com removed the G2 score from the ChowNow Comparison Page.

79.     Owner.com no longer uses the G2 score on the ChowNow Comparison Page.

80.     While Owner.com removed the "G2" from the ChowNow Comparison Page, Owner.com did not change the Star Ratings of 4.9 for Owner.com compared to 4.0 for ChowNow, instead only changing the "G2 Score" caption under the Star Rating to "Capterra Score".

81.     As discussed above, the Capterra Scores of 4.9 for Owner.com and 4.0 for ChowNow shown on the ChowNow Comparison Page are false and deceptive.

82.     Upon information and belief, Owner.com continues to use an inaccurate G2 score for ChowNow in other forms of advertisements.

83.     Upon information and belief, Owner.com is aware of G2's Content User Guidelines regarding republishing another seller's Star Rating but continues to use "G2 Scores" for purposes of comparative advertising for Competitors other than ChowNow, for example,

COMPLAINT

BentoBox.[5]

84.     Owner.com's continued pattern of behavior to inaccurately represent ChowNow's G2 score or Capterra score is deceptive and misleading. Given Owner.com's deliberate change on the ChowNow Comparison Page to use an inaccurate and false Capterra score demonstrates Owner.com's behavior is willful, deliberate, and wanton.

85.     The false and misleading representations are directly harming ChowNow's business relations and reputation by deceiving current and prospective customers regarding ChowNow and Owner.com's respective G2 Scores.

86.     Owner.com unauthorized use of ChowNow's registered CHOWNOW® mark in this manner is likely to deceive the public as to the actual product review scores of ChowNow and Owner.com.

   **iii. Owner.com's ChowNow Comparison Page is also misleading and deceptive, and demonstrably false.**

87.     The ChowNow Comparison Page makes three additional statements, namely, Onwer.com provides (1) a "2-4x conversion rate on Owner websites vs. average" (2) "4.8 Stars for 'Value for Money' as rated on Capterra," and (3) "+85% reorders from guests using Owner's mobile apps." *See* **Exhibit 7**.

---

[5] https://www.owner.com/comparison/bentobox-vs-owner (last accessed July 16, 2025).

COMPLAINT

*See* **Exhibit 7** (Screenshot from Owner.com's ChowNow Comparison Page).

88.     First, as demonstrated above, the "4.8 Stars for 'Value for Money' as rated on Capterra," is false because Owner.com's "Value for Money" Capterra Score is actually 4.4. *See* **Exhibit 12**.

89.     Second, Owner.com including the "2-4x conversion" and "+85% reorders" on the ChowNow Comparison Page along with statements such as "How Owner stacks up versus our competition" and "Restaurants that switch to Owner grow their online sales" implies Owner.com provides 2-4x more conversions than ChowNow and 85% more reorders than ChowNow. *See* **Exhibit 7**.

COMPLAINT

*See* **Exhibit 7** (annotated) (illustrating the implied comparisons by including these claims on the ChowNow Comparison Page).

90.    However, upon information and belief, these implicit comparative statements do not have any evidentiary support or substantiation, and are thus misleading and deceptive.

91.    Throughout Owner.com's ChowNow Comparison Page, Owner.com repeatedly uses ChowNow's registered CHOWNOW® mark without ChowNow's permission or consent. Because the comparative statements made by Owner.com about ChowNow are deceptive, false, and misleading, Owner.com's unauthorized use of ChowNow's registered CHOWNOW® mark is likely to deceive the minds of consumers. This deception is directly harming ChowNow's business by stealing current and prospective restaurant partners from ChowNow.

iv.    **Owner.com's FAQs on the ChowNow Comparison Page are misleading and deceptive.**

92.    Owner.com's ChowNow Comparison Page also includes a "FAQs" section. *See* **Exhibit 7**.

93.    The "FAQs" section of the ChowNow Comparison Page includes two dropdown selections, one titled "Which restaurants should choose ChowNow?" and another titled "How does Owner's pricing work." *See* **Exhibit 7**.

94.    The FAQs section of the ChowNow Comparison Page provides deceptive and misleading statements regarding ChowNow.

95.    Under the FAQ "[w]hich restaurants should choose ChowNow?," Owner.com states that "when Google visitors try to order, ChowNow sends them to the ChowNow app, which isn't good for your website's Google ranking." *See* **Exhibit 7**.



*See* **Exhibit 7** (annotated) (illustrating relevant FAQ, the unauthorized use of the CHOWNOW® mark, and Owner.com's statements regarding ChowNow's alleged effect on Google rankings).

96.    However, the foregoing statement by Owner.com is false and misleading. Upon information and belief, directing consumers to an external ordering platform **does not** impact Google rankings. Owner.com does not provide any substantiation or evidence to support this claim.

97.    Upon information and belief, Owner.com is aware that Google rankings are not impacted by directing consumers to an external ordering platform but instructs its sales team and

COMPLAINT

1    employees to claim that ChowNow hurts potential consumers Google rankings regardless.

2        98.    Under the FAQ "How does Owner's pricing work," Owner.com uses BentoBox

3    as the example of a service that "adds fees for implementation, customizing your accounts, and

4    adding new capabilities." *See* **Exhibit 7**.



5

6

7    Which restaurants should choose ChowNow?    +

8

9    How does Owner's pricing work?    −

10   Our pricing depends on a few factors, like how many locations you have.

     Unlike BentoBox, who adds fees for implementation, customizing your accounts,
     and adding new capabilities, we'll charge you a flat fee to access the whole
11   platform.

12   Also, you can unsubscribe from Owner anytime, so we won't burden you with long-
     term contracts.

13   See more information on our pricing page.

14       *See* **Exhibit 7** (annotated) (illustrating relevant FAQ "How does Owner's pricing work").

15

16       99.    The use of "BentoBox" on the ChowNow Comparison Page is a materially

17   misleading and confusing because ChowNow uses a commission-free subscription-based

18   payment model.

19       100.   Upon information and belief, Owner.com intentionally used "BentoBox" on the

20   ChowNow Comparison Page to imply ChowNow uses an additional fee model like BentoBox.

21   Owner.com is deceptively implying to customers that ChowNow's model similarly includes

22   additional fees like BentoBox, and Owner.com's "flat fee" payment model is different and better

23   than ChowNow.

24       101.   Owner.com's statements in the ChowNow Comparison Page FAQs are also using

25   ChowNow's registered CHOWNOW® mark in a manner likely to deceive the public without

26   ChowNow's consent.

27            **v.    Owner.com's ChowNow Comparison Page Provides at least**

28                **one misleading and deceptive testimonial**

-24-

COMPLAINT

102.    The ChowNow Comparison Page includes a section titled "Hear from restaurant owners who switched to Owner.com."



*See* **Exhibit 7**.

103.    On the ChowNow Comparison Page, the primary restaurant owner featured is Rahul Bhatia, who allegedly owns Saffron Indian Kitchen. *See* **Exhibit 7**.

104.    The inclusion of testimonials on Owner.com's ChowNow Comparison Page indicates the restaurant owners listed on the ChowNow Comparison Page switched to Owner.com from ChowNow.

105.    Rahul Bhatia and Saffron Indian Kitchen is not and was never a ChowNow customer. Thus, Mr. Bhatia did not switch from ChowNow to Owner.com.

106.    Including Mr. Bhatia and Saffron Indian Kitchen on the ChowNow Comparison Page as a "restaurant owner[] who switched to Owner.com" is a false and deceptive statement indicating Mr. Bhatia and Saffron Indian Kitchen switched from ChowNow to Owner.com. *See* **Exhibit 7**.

107.    Upon information and belief, Owner.com is intentionally and deceitfully advertising that Mr. Bhatia switched from ChowNow to Owner.com in order to tie testimonials from Mr. Bhatia to ChowNow.

108.    For example, Mr. Bhatia's testimonial includes statements that Owner.com is a superior product to ChowNow (*e.g.,* "Owner is the best product I've ever used"), and that Mr. Bhatia's customers prefer Owner.com's website and mobile application over ChowNow's (*e.g.,* "There's not a week that goes by where I don't hear from our guests how much they love our website and app."). *See* **Exhibit 7**.

109.    The inclusion of Mr. Bhatia's testimonial on the ChowNow Comparison Page is materially deceitful and directly harms ChowNow because potential customers will inaccurately believe Mr. Bhatia switched from ChowNow to Owner.com based on an improved experience with Owner.com's services.

> **b.    Owner.com's Case Study Page is Misleading, Deceptive, and Demonstrably False.**

110.    On Owner.com's Website, Owner.com provides a link to "Case-Studies" under its "Resources" tab. *See* **Exhibit 6**.

111.    Clicking the "Case-Studies" tab will direct customers to various alleged "case-studies" of restaurants who allegedly switched to Owner.com. *See* **Exhibit 8**.



*See* **Exhibit 8**.

112.    One exemplary case study is titled "How Metro Pizza increased direct online sales

1    by $10,000/m by swapping ChowNow for Owner." *See* **Exhibit 8**.

2          113.    Clicking the "Read full story" tab redirects to a webpage

3    (https://www.owner.com/case-studies/metro-pizza) that titled "How Metro Pizza increased direct

4    online sales by $10,000/m by switching from ChowNow for Owner" (the "Metro Pizza Case

5    Study"). *See* **Exhibit 14**.



*See* **Exhibit 14**.

16          114.    Consistent with Owner.com's pattern of deceitful business practices, the Metro

17   Pizza Case Study includes false and misleading statements about ChowNow's products and

18   services.

19          115.    The Metro Pizza Case Study includes a side-by-side comparison of Metro Pizza's

20   "online experience" both "Before Owner" and "With Owner." *See* **Exhibit 14**.

COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



*See* **Exhibit 14** (annotated).

116.     The "Before Owner" section of the Metro Pizza Case Study refers to the time period when Metro Pizza was a ChowNow customer.

117.     Under the "Before Owner" section, Owner.com claims Metro Pizza "could not customize their previous ChowNow system's look and feel to tell their story". *See* **Exhibit 14**.

118.     ChowNow does offer customization options that support a restaurant's branding and story, as reflected on ChowNow's website. *See* **Exhibit 2**.

119.     Thus, Owner.com's claim that Metro Pizza "could not customize their previous ChowNow system's look and feel to tell their story" while using ChowNow is false and deceitful.

120.     Under the "With Owner" section, Owner.com includes a "hybrid delivery" section providing the statement, "They now have the flexibility to use a combination of their own in-house drivers and third-party drivers." *See* **Exhibit 14**.

121.     By including the "hybrid delivery" section in the "With Owner" section but not the "Before Owner" comparison section, Owner.com indicates ChowNow does not provide hybrid delivery.

122.    Yet, ChowNow's platform supports hybrid delivery. Additionally, ChowNow's platform permits restaurants to toggle between in-house and third-party delivery, contrary to Owner.com's comparative statements. *Compare* **Exhibit 2** *with* **Exhibit 14**.

123.    As such, the Owner.com's statements regarding its Metro Pizza Case Study are false and deceptive.

124.    Owner.com, in the Metro Pizza Case Study, is using ChowNow's registered CHOWNOW® mark in a manner likely to deceive the public without ChowNow's consent.

125.    Additionally, the Metro Pizza Case Study includes an "Other success stories" section linking to case studies for Owner.com customer "Doo-Dah Diner". *See* **Exhibit 14**.

126.    Doo-Dah Diner was never a restaurant partner of ChowNow or used ChowNow's services.

127.    Including Doo-Dah Diner as an "Other success stories" on the Metro Pizza Case Study again falsely implies Doo-Dah Diner switched from ChowNow to Owner.com and improved their sales.

128.    Upon information and belief, Owner.com knew of or should have known of the contractual and business relationship between ChowNow and Metro Pizza, and intentionally and wantonly interfered with this relationship to induce Metro Pizza into switching from ChowNow to Owner.com.

129.    Upon information and belief, Metro Pizza's switch to Owner.com was based on Owner.com's deceptive advertising regarding ChowNow, directly harming ChowNow.

**2.    Owner.com's RestaurantGPT Tool provides Unsubstantiated, Misleading, and Deceptive Information.**

130.    Owner.com provides a "RestaurantGPT Tool" on its website that is accessible through Owner.com's Website.

COMPLAINT



*See* **Exhibit 6**.

131.    Owner.com's RestaurantGPT Tool purports to grade a restaurant's "online heath" on a score on a scale from 0-100. This "Online Health Grade" score purports to be an aggregation of three sub-scores that relate to "Search Results" (graded on a 0-40 scale), "Website Experience" (graded on a 0-40 scale), and "Local Listings" (graded on a 0-20 scale). *See* **Exhibits 15-20**.

132.    Upon information and belief, the RestaurantGPT Tool generates this "Online Health Grade" through the following process:

- A restaurant enters its name into the "Find your restaurant name" input area next to the "Get my Report" button;

- Upon entering the restaurant's name and clicking the "Get my Report" button, the RestaurantGPT Tool allegedly "scans" competitors in the area, the Google business profile, Google review sentiment, photo quality and quantity, the restaurant's website, and the restaurant's mobile experience;

- The RestaurantGPT Tool then generates an "Online Health Grade" for the restaurant, displays the "Online Health Grade" on the left side of the webpage,

and provides the details of the score on the right side of the webpage hidden behind an information-capture wall; and

- Upon inserting a phone number, name, email address, and affiliation with the restaurant, the RestaurantGPT Tool provides additional details about Online Health Grade.

133.    The additional details about the Online Health Grade include information related to the specific digital restaurant software platform used by the restaurant, for example ChowNow's platform.

134.    The RestaurantGPT Tool is able to identify the competing software platform and competitor the restaurant is currently using.

135.    Upon information and belief, Owner.com is capable of, using the RestaurantGPT Tool, identifying existing contractual relationships and business relationships between restaurants and their existing digital software platform providers, such as ChowNow.

136.    Owner.com does not publish or explain how the RestaurantGPT Tool scores a restaurant's "online health".

137.    Owner.com does not publish or explain how the RestaurantGPT Tool quantifies the sub-scores of "Search Results," "Website Experience," or "Local Listings."

138.    Thus, upon information and belief, the RestaurantGPT Tool relies on untransparent methodologies and algorithms, provides unsubstantiated information, and is not based on reliable data. As such, Owner.com's RestaurantGPT Tool further demonstrates Owner.com's pattern of deceptive and misleading business practices.

139.    The RestaurantGPT Tool generates a score without providing qualitative information for the public to understand how the score is generated. For example, when providing the underlying datapoints for "Search Results" sub-score, the RestaurantGPT Tool does not provide how each of the datapoints are quantified, what variables are included or disregarded, or why certain variables are weighed more than others.

140.    The RestaurantGPT Tool similarly does not provide how the datapoints underlying the "Website Experience" and "Local Listings" sub-scores are quantified, what

1    variables are included or disregarded, or why certain variables are weighed more than others.

2          141.    Upon information and belief, restaurants that use Owner.com's platform will be

3    given higher scores than those of competitors, such as ChowNow. For example, upon

4    information and belief, the RestaurantGPT Tool intentionally inflates the Online Health Grade

5    for restaurants who use Owner.com's services and deflates the Online Health Grade for

6    restaurants who do not use the specific suite of services provided by Owner.com. This

7    discrepancy is not supported by any substantiation or explanation, and is thus false and

8    misleading.

9          142.    If "Saffron Indian Kitchen," a known Owner.com customer (*see* **Exhibit 7**), is

10   input into the RestaurantGPT Tool, Saffron Indian Kitchen will receive an "Online Health

11   Grade" of 97/100. *See* **Exhibit 18**.



*See* **Exhibit 18** (accessed July 2, 2025).

143.    When a restaurant using ChowNow for its digital software platform, such as the local San Jose restaurant "Sushi Maru," is input into the RestaurantGPT Tool, Suchi Maru will receive an "Online Health Grade" of 54/100. *See* **Exhibit 19**.



*See* **Exhibit 19** (accessed July 2, 2025).

144.    When comparing the sub-scores for "Sushi Maru" and "Saffron Indian Kitchen," the "Local Listing" sub-scores are the same. However, "Saffron Indian Kitchen" scored significantly higher, sometimes more than triple, than "Sushi Maru" for the "Search Results" and "Website Experience" sub-scores. *Compare* **Exhibit 18** *with* **Exhibit 19**.

COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



*Compare* **Exhibit 18** *with* **Exhibit 19**.

145.    For the "Search Results" sub-score, the RestaurantGPT Tool states that "SEO" improves your website, and rates non-Owner.com platform "Search Results" lower than Owner.com's "Search Results." *Compare* **Exhibit 18** *with* **Exhibit 19**.

146.    Through the "Search Results" sub-score, Owner.com implies that switching to Owner.com from the competitor's platform will improve the restaurant's SEO. *See* **Exhibit 15**.

147.    Upon information and belief, switching from ChowNow's platform to Owner.com's platform does not improve the SEO for a restaurant customer.

148.    Upon information and belief, Owner.com is aware that the Owner.com platform does not improve a restaurant's SEO compared to ChowNow, but instructs its sales team and employees to claim that the potential consumers SEO will improve upon switching to

-34-

1    Owner.com's platform.

2        149.    Upon information and belief, the RestaurantGPT Tool does not provide a "Book a

3    consult" button for existing Owner.com customers, while the RestaurantGPT Tool does provide

4    a "Book a consult" button for customers of competitors' software platforms.

5        150.    Upon information and belief, once Owner.com captures information associated

6    with customers of competitors' software platforms through the RestaurantGPT Tool, Owner.com

7    directly contacts the customers of competitors' software platforms.

8        151.    Upon information and belief, Owner.com's deceptive and misleading business

9    practices related to the RestaurantGPT Tool are specifically intended to appropriate restaurant

10   customers of competitors' software platforms, including ChowNow's customers, by presenting

11   biased, untransparent, and deceptive information as objective facts regarding the "Online Health"

12   score of restaurants using competitor platforms.

13       152.    The RestaurantGPT Tool is also not based on reliable and known methodologies.

14       153.    When the same restaurant is input into the RestaurantGPT Tool more than once,

15   the RestaurantGPT Tool will output different scores for the same input.

16       154.    For example, during ChowNow's investigation, another San Jose restaurant,

17   "Saba Grill," was input into the RestaurantGPT Tool three separate times. On the first input, the

18   RestaurantGPT Tool output an online health grade of 44/100. *See* **Exhibit 16**. On the second

19   input, the RestaurantGPT Tool instead output an online health grade for Saba Grill of 47/100.

20   *See* **Exhibit 15**. The third input resulted in the RestaurantGPT Tool outputting an online health

21   grade of 43/100. *See* **Exhibit 17**.

22

23

24

25

26

27

28

COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15




*Compare* **Exhibits 15-17**.

16    155.    As another example, the "Sushi Maru" restaurant, which uses ChowNow's

17  software platform, resulted in different scores across different days.

18    156.    On July 2, 2025, the RestaurantGPT Tool gave Sushi Maru an "Online Health

19  Grade" of 54/100. *See* **Exhibit 19**.

20    157.    On July 3, 2025, the RestaurantGPT Tool gave Sushi Maru an "Online Health

21  Grade" of 59/100. *See* **Exhibit 20**.

22    158.    By providing different scores for the identical input, the RestaurantGPT Tool fails

23  to provide objective and quantifiable information, and instead outputs arbitrary and deceptive

24  information disguised as objective fact.

25    159.    Current and prospective customers of ChowNow, as well as other competitors'

26  customers, would reasonably believe that the "Online Health Grade" is objective and based on

27  quantifiable data, and that their current online presence can only be increased with Owner.com's

28  platform.

COMPLAINT

160.    In fact, Owner.com expressly advertises on the right side of the RestaurantGPT Tool page that "You're losing sales, until you fix this." *See* **Exhibit 15**.

161.    The information included in each of the sub-scores includes various claims about competitors, such as ChowNow. Owner.com does not provide any substantiation for any claims about its competitors, including ChowNow, nor does Owner.com provide any way for the public to substantiate this information on its own.

162.    Therefore, the various claims made about ChowNow and other competitors on the RestaurantGPT Tool are false, misleading, and deceptive.

163.    The RestaurantGPT Tool also uses the CHOWNOW® mark without ChowNow's authorization in a manner likely to deceive the public.

164.    While ChowNow's investigation is still ongoing, upon information and belief, Owner.com is using the RestaurantGPT Tool as lead capture tool to capture specific information about restaurants and their owners, as well as the current software platform the restaurant is using. Owner.com then targets these restaurants through phone calls and other points of contact to appropriate customers from ChowNow and Owner.com's other competitors.

165.    Using the misleading and unsubstantiated claims about ChowNow and Owner.com's other competitors, Owner.com deceives restaurants into switching from ChowNow and other competitors to Owner.com.

166.    Thus, ChowNow has been directly harmed by Owner.com's deceptive business practices and RestaurantGPT Tool.

3.    **Owner.com's YouTube Channel Provides Deceptive, Misleading, and False statements**

167.    Owner.com's CEO, Adam Guild, has a YouTube channel associated with the handle @owner-com.[6]

168.    The @owner-com YouTube channel provides links to Owner.com, an "Owner"

_____

[6] https://www.youtube.com/@owner-com; last accessed July 2, 2025.

COMPLAINT

Instagram account associated with Owner.com[7], and a blog on Owner.com's website.[8]

169.    Upon information and belief, Adam Guild posts content on the YouTube channel on behalf of Owner.com. Upon information and belief, Owner.com directs and controls the content that Adam Guild posts on the YouTube channel.



*See* **Exhibit 21** (annotated).

170.    The @owner-com YouTube channel provides videos that discuss ChowNow. Two exemplary videos that discuss ChowNow are titled "Why Restaurants Are Leaving ChowNow," and "How To Get A Mobile App For Your Restaurant In 7 Days (2024)."

171.    As discussed below, the two exemplary videos provide false, misleading, and false statements.

          **a.   The First YouTube Video "Why Restaurants Are Leaving ChowNow" provides false statements about ChowNow.**

172.    The first video is titled "Why Restaurants Are Leaving ChowNow". *See* **Exhibit 22**. Statements about ChowNow from the first video include at least the following:

- ChowNow has "no ability to promote new menu items" [00:10];
- ChowNow has "no loyalty system integration" [00:13];
- ChowNow has no "website builder" [00:19]; and
- ChowNow promotes its own ChowNow mobile application instead of the restaurant's

---

[7] https://www.instagram.com/owner

[8] https://www.owner.com/blog?utm_source=youtube&utm_content=home

mobile application [00:33 – 00:39].

173.    Each of the above statements in the first video are false, misleading, and demonstrably false.

174.    Owner.com's first statement that ChowNow does not have the "ability to promote new menu items" is false and misleading. ChowNow does provide the ability for restaurant partners to promote new menu items through customized menu categories. For example, ChowNow provides restaurants the ability to promote "New Specials!" and other new menu items.

175.    Owner.com's second statement that ChowNow has "no loyalty system integration" is also false and misleading. ChowNow has a live Rewards Program—or loyalty system integrated into its platform. *See* **Exhibit 2**.



| Owner.com Video. *See* **Exhibit 22**. | ChowNow Website. *See* **Exhibit 2**. |

176.    The above table illustrates a side-by-side comparison of Owner.com's false statement regarding a "loyalty system" (**Exhibit 22**) with a screenshot of ChowNow's website (**Exhibit 2**) is provided below.

177.    Owner.com's third statement that that ChowNow does not offer a website builder is also false and misleading. ChowNow offers Squarespace-powered custom websites for its restaurant partners. *See* **Exhibit 2**.



| | |
|---|---|
| Owner.com Video. *See* **Exhibit 22**. | ChowNow Website. *See* **Exhibit 2**. |

178.    The above table illustrates a side-by-side comparison of Owner.com's false statement regarding lacking a "website builder" (**Exhibit 22**) with a screenshot of ChowNow's website (**Exhibit 2**) is provided below.

179.    Owner.com's fourth statement that that that ChowNow promotes its own application instead of the restaurant partner's application is false and misleading. ChowNow does not self-promote its mobile application on its restaurant partners' mobile applications.

**b. The Second YouTube Video "How To Get A Mobile App For Your Restaurant In 7 Days (2024)" provides false statements about ChowNow.**

180.    The second video is titled " How To Get A Mobile App For Your Restaurant In 7 Days (2024)". *See* **Exhibit 23**. Statements from the second video includes at least the following statements about ChowNow:

- ChowNow "can't promote new menu items," [09:51];

- ChowNow promotes its own mobile application instead of the restaurant partner's application [10:25]; and

- ChowNow does not have a website builder [10:49].

181.    Each of the above statements in the first video are false, misleading, and false.

182.    Owner.com's first statement that ChowNow "can't promote new menu items" is

-40-

false and misleading for the same reasons discussed above, namely, that ChowNow provides the ability for restaurant partners to promote new menu items through customized menu categories.

183.    Owner.com's second statement that that that ChowNow promotes its own mobile application instead of the restaurant partner's application is also false and misleading for the same reasons discussed above.

184.    Owner.com's third statement that that ChowNow does not have a website builder is also false and misleading for the same reasons discussed above.

185.    Upon information and belief, Owner.com also makes other misleading and deceptive statements in its "How To Get A Mobile App For Your Restaurant In 7 Days (2004)" video regarding ChowNow branded mobile applications allegedly not having the best reviews. It is unclear what Owner.com is referring to, as at least ChowNow's G2 ratings include 68 of 72 ratings rated at 4-stars and above. *See* **Exhibit 13**.



*See* **Exhibit 13** (annotated).

186.    Owner.com's false and misleading claims in the YouTube videos are yet another example of Owner.com's pattern of illegal and deceitful behavior directly harming ChowNow's business.

**D.    General Allegations**

187.    As discussed above, Owner.com has engaged in a pattern of unfair, misleading and deceptive business practices which have continued after repeated demands from ChowNow to cease and desist.

188.    Owner.com's deceitful and misleading business practices and unauthorized use of the CHOWNOW® registered trademark are intended to deceive consumers about ChowNow's brand, business, products and services in order to interfere with ChowNow's customers and

-41-

appropriate customers and market share from ChowNow.

189.    Owner.com's deceitful and misleading business practices and unauthorized use of the CHOWNOW® registered trademark is likely to deceive consumers about ChowNow's brand, business, products and services.

190.    Owner.com is deceiving the public by using ChowNow's registered CHOWNOW® trademark in a way likely to deceive consumers as to ChowNow's reputation, causing great harm and damage to ChowNow and eroding the goodwill associated with ChowNow.

191.    ChowNow, as a direct result of Owner.com's pattern of deceitful and misleading business practices, has lost sales associated with customers who left ChowNow's service for Owner.com because of Owner.com's false and misleading statements about ChowNow's business.

192.    Because of Owner.com's pattern of deceitful and misleading business practices, ChowNow has no adequate remedy at law for future statements and claims made by Owner.com regarding ChowNow's business, and thus monetary damages are inadequate to compensate it for the continuing injury caused by Owner.com. Owner.com's pattern of deceitful and misleading business practices and unauthorized use of the CHOWNOW® mark is damaging and will continue to irreparably and irrevocably damage ChowNow's reputation and goodwill associated with ChowNow unless restrained by this Court.

193.    In addition to the remedies set forth in the Prayer for Relief below, ChowNow should be entitled to a permanent injunction requiring Owner.com to immediately take all steps necessary to cease its use of ChowNow's business and the CHOWNOW® mark in illegal and improper comparative advertising, and to immediately refrain from all further use of the CHOWNOW® mark or all further mention of ChowNow in Owner.com's advertising, marketing, or business in general.

194.    It is more likely that ChowNow will succeed on the merits of this case, given ChowNow's valid registered and incontestable trademark for CHOWNOW®, Owner.com's pattern of illegal and deceitful behavior, and Owner.com's direct infringement of ChowNow's

1    rights.

2       195.    In addition to the remedies set forth in the Prayer for Relief below, Owner's

3    pattern of illegal and deceitful behavior against not only ChowNow but the market as a whole, as

4    well as ChowNow's repeated violations of ChowNow's rights, merit punitive and exemplary

5    damages in an amount sufficient to deter such conduct in the future.

6       196.    Owner.com's pattern of deceptive business practices, for example targeting

7    ChowNow and ChowNow's restaurant partners with false, misleading, unsubstantiated, and

8    deceitful claims about ChowNow's business, products and services, is deliberate, willful, and

9    wanton. ChowNow's pattern of deceptive and misleading business practices not only caused and

10   causes significant damage to ChowNow's business and reputation, but also appropriates market

11   share from ChowNow. Additionally, Owner.com pattern of deceptive and misleading behavior is

12   facilitated by Owner.com's unauthorized and improper use of ChowNow's registered

13   CHOWNOW® mark to deceive consumers under the guise of comparative advertising.

14      197.    Due to Owner.com's pattern of engaging in deliberate, willful, and wanton

15   behavior and Owner.com's deceptive business practices, ChowNow is serving a Preservation

16   Notice, included herewith as **Exhibit 24**, along with this Complaint and Summons to instruct

17   Owner.com to preserve and maintain documents and information in Owner.com's possession

18   that relate to ChowNow. This includes immediately stopping any automatic or routine purging of

19   any relevant files under a corporate document retention policy, and instructing Owner.com to

20   preserve all electronically stored information in its original electronic format, including

21   metadata. ChowNow's Preservation Notice will further inform Owner.com that failure to

22   preserve relevant information may result in spoliation of evidence and/or sanctions.

23                                    **COUNT I:**

24        **False Advertising & Trademark Infringement (15 U.S.C. § 1125(a))**

25      198.    ChowNow incorporates the allegations in the preceding paragraphs by reference

26   as though set forth in their entirety herein.

27      199.    Owner.com's commercial advertising and promotion for digital platforms for

28   restaurants to consumers uses both ChowNow's name and the registered CHOWNOW® mark

-43-

without authorization, makes various false, misleading, and deceitful statements of fact about ChowNow and ChowNow's business, products and services, as set forth above.

200.    Owner.com's false and misleading statements, as well as Owner.com's use of the registered CHOWNOW® mark, have actually deceived, or has the tendency to deceive, consumers of digital solutions for restaurants. Moreover, as Owner.com's statements made in its advertising and promotion are literally false, consumer deception is presumed.

201.    Owner.com's false and misleading statements are material. The comparative benefits touted by Owner.com over ChowNow that are demonstrably false and misleading are of direct importance to restaurants seeking a digital solution partner, including but not limited to the capabilities of the ChowNow product and service compared to Owner.com, the ratings and rankings of ChowNow compared to Owner.com, and the false implication that specific restaurants have switched from ChowNow to Owner.com that were not ever ChowNow customers.

202.    At least these claims and statements violate Section 43(a) of the Lanham Act, which provides in relevant part that a "person who, on or in connection with any goods or services, … uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which … in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of … another person's goods, services, or commercial activities, shall be liable in a civil action by any person who believes that he or she is likely to be damaged by such act."

203.    Pursuant to 15 U.S.C. § 1117, ChowNow is entitled to damages for Owner.com's Lanham Act violations including an accounting and disgorgement of Owner.com's profits, damages in the form of lost sales and profits sustained by ChowNow as a result of Owner.com's conduct, and recovery of the costs of this action.

204.    Owner.com's acts are willful, wanton, deliberate and calculated to deceive, and are undertaken in bad faith, making this an exceptional case pursuant to 15 U.S.C. § 1117 and other applicable state laws, entitling ChowNow to attorneys fees.

-44-

205.    Unless enjoined by this Court, Owner.com's acts will irreparably and irrevocably injure ChowNow's reputation and goodwill and erode its market share, and thus ChowNow is entitled to preliminary and permanent injunctive relief under 15 U.S.C. § 1116 to prevent Owner.com's continuing unlawful acts.

## COUNT II:

### Trademark Infringement (15 U.S.C. § 1114)

206.    ChowNow incorporates the allegations in the preceding paragraphs by reference as though set forth in their entirety herein.

207.    ChowNow is the exclusive owner of the CHOWNOW® mark, which it uses in connection with software services for restaurant take-out and delivery.

208.    ChowNow's CHOWNOW® mark is valid, legally enforceable, and incontestable under 15 U.S.C. § 1065.

209.    Owner.com has no right, authority, or permission to use the CHOWNOW® mark.

210.    ChowNow has used and continues to use the CHOWNOW® mark in commerce in its commercial adverting and promotion of Owner.com's digital platforms for restaurant take-out and delivery in a manner that is likely to cause consumer confusion, mistake, or deception.

211.    At least this unauthorized use of the CHOWNOW® mark violates Section 32 of the Lanham Act, which provides in relevant part that a "person who shall, without the consent of the registrant, use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive; … shall be liable in a civil action by the registrant …."

212.    Upon information and belief, Owner.com has profited by such unauthorized use of the CHOWNOW® mark, and unless it is enjoined, ChowNow's business, goodwill, and reputation will suffer irreparable injury.

213.    Upon information and belief, Owner.com had actual knowledge of the CHOWNOW® mark prior to being served this Complaint, and despite this knowledge, Owner.com deliberately used the CHOWNOW® mark in connection with advertising its digital

-45-

1   platform for restaurants.

2          214.    Upon information and belief, Owner.com's foregoing unauthorized use of the

3   CHOWNOW® trademark is willful, wanton, intentional, and undertaken in bad faith, making

4   this an exceptional case pursuant to 15 U.S.C. § 1117 and entitling ChowNow to recover

5   statutory damages or actual damages in an amount to be proven at trial, treble damages,

6   additional damages, and attorneys' fees under 15 U.S.C. § 1117 and other applicable state laws.

7          215.    Unless enjoined by this Court, Owner.com's acts will irreparably and irrevocably

8   injure ChowNow's reputation and goodwill, and thus ChowNow is entitled to preliminary and

9   permanent injunctive relief under 15 U.S.C. § 1116 to prevent Owner.com's continuing

10  infringing acts.

11                                   **COUNT III:**

12            **Unfair Competition (Cal. Bus. & Prof. Code § 17200 *et seq.*)**

13         216.    ChowNow incorporates the allegations in the preceding paragraphs by reference

14  as though set forth in their entirety herein.

15         217.    Pursuant to CAL. BUS. & PROF. CODE § 17200, unfair competition is "any

16  unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading

17  advertising ...." The false and misleading statements made by Owner.com regarding ChowNow's

18  business, products and services in Owner.com's commercial advertising and promotion violate

19  CAL. BUS. & PROF. CODE § 17200 *et. seq.* Moreover, Owner.com's conduct constitutes a

20  violation of the Lanham Act, and thus as unlawful business conduct that is separately actionable

21  as a violation of CAL. BUS. & PROF. CODE § 17200 *et. seq.* Owner.com's conduct is also

22  otherwise unfair and therefore a violation of these provisions.

23         218.    Owner.com's conduct has caused ChowNow damage in an amount to be

24  determined at trial, and unless enjoined by this Court, Owner.com's conduct will continue to

25  cause ChowNow irreparable damage for which ChowNow has no adequate remedy at law.

26         219.    Pursuant to CAL. BUS. & PROF. CODE § 17203, ChowNow seeks an order of

27  this Court compelling Owner.com to provide restitution and disgorge the monies to which

28  ChowNow is entitled but were instead collected and realized by Owner.com as a result of its

                                        -46-

false and misleading statements and injunctive relief enjoining Owner.com from making such false and misleading statements.

**COUNT IV:**

**False Advertising (Cal. Bus. & Prof. Code § 17500 *et seq.*)**

220.    ChowNow incorporates the allegations in the preceding paragraphs by reference as though set forth in their entirety herein.

221.    Pursuant to CAL. BUS. & PROF. CODE § 17508, it is unlawful for "any person doing business in California to make any false or misleading advertising claim, including claims that (1) purport to be based on factual, objective, or clinical evidence, that (2) compare the product's effectiveness or safety to that of other brands or products, or that (3) purport to be based on any fact.

222.    Owner.com has made and disseminated false and misleading statements about ChowNow's business, products and services as set forth above with the intent to induce consumers to use Owner.com's services in violation of at least CAL. BUS. & PROF. CODE § 17508.

223.    Owner.com's conduct has caused ChowNow damage in an amount to be determined at trial, and unless enjoined by this Court, Owner.com's conduct will continue to cause ChowNow irreparable damage for which ChowNow has no adequate remedy at law.

224.    Pursuant to CAL. BUS. & PROF. CODE § 17535, ChowNow seeks an order of this Court compelling Owner.com to provide restitution and disgorge the monies to which ChowNow is entitled but were instead collected and realized by Owner.com as a result of its false and misleading statements and injunctive relief enjoining Owner.com from making such false and misleading statements.

**COUNT V:**

**Trade Libel**

225.    ChowNow incorporates the allegations in the preceding paragraphs by reference as though set forth in their entirety herein.

226.    Owner.com has published false statements about ChowNow's business, products

1    and services, as set forth above, through its commercial advertising and promotion.

2        227.    Owner.com's defamatory statements disparage ChowNow's reputation, goowill

3    and character, including the nature, quality, and strength of ChowNow's products and services.

4        228.    Owner.com's defamatory statements were and are provably false.

5        229.    Owner.com acted with full knowledge or reckless disregard as to the falsity of the

6    underlying statements concerning ChowNow, especially after repeated cease and desist letters

7    informing Owner.com of this falsity of the underlying statements concerning ChowNow.

8        230.    As a direct result of Owner.com's publication of these false statements in its

9    commercial advertising and promotions, current restaurant partners have been induced to switch

10    to Owner.com's services, and prospective restaurant partners have been induced not to do

11    business with ChowNow. ChowNow has lost customers and transactions, and will lose additional

12    customers and profits in the future as a result of Owner.com's unlawful conduct.

13        231.    ChowNow has been damaged in an amount to be proven at trial. As Owner.com's

14    conduct was willful and wanton, ChowNow is entitled to an award of exemplary damages.

15                    **COUNT VI:**

16        **Intentional Interference with Contractual Relations**

17        232.    ChowNow incorporates the allegations in the preceding paragraphs by reference

18    as though set forth in their entirety herein.

19        233.    Owner.com's conduct, as set forth above, has disrupted ChowNow's relationships

20    with its restaurant partners, causing economic harm.

21        234.    ChowNow has developed and has maintained contractual relationships with

22    customers consisting of, *inter alia*, restaurant owners. Owner.com knew of these contractual

23    relationships either by virtue of communications with the restaurants, or by accessing the

24    restaurant's websites which display language indicating they have a contractual relationship with

25    ChowNow, or through Owner.com's RestaurantGPT Tool.

26        235.    Owner.com interfered with ChowNow's contractual relationships in the manner

27    set forth above, by publishing false and misleading statements concerning ChowNow's business,

28    products and services.

-48-

236.    Owner.com's actions constitute wrongful conduct above and beyond the act of interference itself, including but not limited to unfair competition, as alleged herein.

237.    Owner.com's conduct as described above did, in fact, disrupt the relationships between ChowNow and certain restaurant partners to whom Owner.com published its libelous, false, and misleading statements. As a direct consequence of Owner.com's conduct, several of such restaurant partners have ceased doing business with ChowNow. As a direct and proximate result of Owner.com's tortuous interference with ChowNow's business relationships, ChowNow has suffered damages in an amount to be proved at trial.

238.    Based at least on Owner.com's pattern of unlawful behavior, Owner.com's aforementioned conduct was intended by Owner.com to cause injury to ChowNow or was despicable conduct carried on by Owner.com with a willful and conscious disregard of the rights of ChowNow or subjected ChowNow to unjust hardship in conscious disregard of ChowNow's rights, or was an intentional misrepresentation, deceit or concealment of material facts known to Owner.com with the intention to deprive ChowNow of property, legal rights or to otherwise cause injury, such as to constitute malice, oppression or fraud under California Civil Code § 3294. ChowNow is thus entitled to punitive damages in an amount appropriate to punish or set an example of Owner.com.

**COUNT VII:**

**Intentional Interference with Prospective Economic Advantage**

239.    ChowNow incorporates the allegations in the preceding paragraphs by reference as though set forth in their entirety herein.

240.    Owner.com's conduct, as set forth above, has disrupted ChowNow's relationships with its prospective and current customers, causing economic harm.

241.    A business relationship with probable future economic benefits existed between ChowNow and current restaurant partners to whom Owner.com has published its false and defamatory statements. Due to the established course of dealings between these ChowNow and its restaurant partners, ChowNow had a reasonable expectation that these relationships would continue in the future. Owner.com knew of these economic relationships, for example through

COMPLAINT

Owner.com's RestaurantGPT Tool, and by their wrongful conduct as described above, intended to disrupt them and wrongfully capture the share of the market previously captured by ChowNow through lawful and legitimate means.

242.    Owner.com's disruption and interference with these relationships was independently wrongful. Among other things, such conduct constitutes unfair competition in violation of Cal. Bus. & Prof. C. §§ 17200 and 17500, and trade libel, as well as violations of Sections 32 and 43(a) of the Lanham Act.

243.    Owner.com's conduct as described above did, in fact, disrupt the relationships between ChowNow and certain restaurant partners to whom Owner.com published its libelous, false and misleading statements. As a direct consequence of Owner.com's conduct, several of such restaurant partners have either ceased doing business with ChowNow and/or have switched to doing business with Owner.com. As a direct and proximate result of Owner.com's tortuous interference with ChowNow's relationships, ChowNow has suffered damages in an amount to be proved at trial.

244.    Based at least on Owner.com's pattern of unlawful behavior, Owner.com's aforementioned conduct was intended by Owner.com to cause injury to ChowNow or was despicable conduct carried on by Owner.com with a willful and conscious disregard of the rights of ChowNow or subjected ChowNow to unjust hardship in conscious disregard of ChowNow's rights, or was an intentional misrepresentation, deceit or concealment of material facts known to Owner.com with the intention to deprive ChowNow of property, legal rights or to otherwise cause injury, such as to constitute malice, oppression or fraud under California Civil Code § 3294. ChowNow is thus entitled to punitive damages in an amount appropriate to punish or set an example of Owner.com.

### PRAYER FOR RELIEF

WHEREFORE, ChowNow prays for relief as follows:

1.    For Judgment in favor of ChowNow against Owner.com;

2.    The Court enter an order preliminarily and permanently enjoining Owner.com, its affiliates, subsidiaries, divisions, officers, agents, employees, representatives, privies, successors,

COMPLAINT

assigns, and all those acting for them on or on their behalf, or acting in concert with them directly or indirectly, from directly or indirectly falsely or misleadingly advertising or promoting Owner.com's products and services by using the CHOWNOW® mark and/or by comparing Owner.com's products and services to those of ChowNow;

3. The Court enter an order requiring the removal of all false or misleading advertisements or promotion of Owner.com's products and services that use the CHOWNOW® mark and/or compare Owner.com's products and services to those of ChowNow;

4. The Court enter an order requiring Owner.com to pay ChowNow damages in the amount of ChowNow's actual and consequential damages resulting from Owner.com's false and misleading advertising and marketing, trademark infringement, and unfair competition pursuant to 15 U.S.C. § 1117(a), CAL. BUS. & PROF. CODE §§ 17200 et. seq. and 17500 et. seq., and the common law of the State of California;

5. The Court ender an order granting ChowNow an accounting of Owner.com's profits resulting from Owner.com's false and misleading advertising and marketing, trademark infringement, and unfair competition and such profits to be paid over to ChowNow, increased as the Court finds to be just under the circumstances of this case pursuant to 15 U.S.C. § 1117(a);

6. The Court enter an order requiring Owner.com to pay ChowNow additional damages equal up to three times the actual damages award to ChowNow pursuant to 15 U.S.C. § 1117(a);

7. The Court enter an order finding that Owner.com acted maliciously, wantonly, and/or fraudulently, requiring Owner.com to pay ChowNow punitive or exemplary damages pursuant to the common law of the State of California;

8. The Court enter an order requiring Owner.com to pay ChowNow the costs of this action to ChowNow pursuant to 15 U.S.C. § 1117(a);

9. The Court enter an order finding that this case is an exceptional case and requiring Owner.com to pay all of ChowNow's reasonable attorneys' fees, costs and expenses, including those available under 15 U.S.C. § 1117(a), and any other applicable law;

10. The Court enter an order requiring Owner.com to pay ChowNow pre-judgment

1 | and post-judgment interest on the damages awarded; and

2 | 11.    The Court enter an order awarding ChowNow such other and further relief as the

3 | Court deems just and equitable.

4 | **JURY DEMAND**

5 | ChowNow requests a trial by jury for all issues so triable.

6

7

8 | Dated:  August 29, 2025                POLSINELLI, LLP

9

10 | */s/ Adam P. Daniels*

By:    Adam P. Daniels

11

Attorneys for Plaintiff

12 | CHOWNOW, INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT